## MORGAN DALE CLARK *v.* STATE OF INDIANA

[No. 178S14. Filed December 20, 1978.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Susan K. Carpenter,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

GIVAN, C.J. — Appellant was charged with first degree murder and armed robbery. Subsequently, the State amended the charge to add a count of voluntary manslaughter. A plea agreement was filed in which the State agreed to forego prosecution of the first degree murder count in return for appellant's plea of guilty to the commission of a felony while armed and voluntary manslaughter. The State recommended a sentence of 30 years on the commission of a felony while armed, and a sentence of 2-21 years on the voluntary manslaughter charge. After an extensive hearing in which the judge meticulously examined the appellant to assure that the pleas were being entered knowingly and voluntarily, the trial court accepted the agreement and sentenced appellant accordingly.

A year later appellant filed a petition for post-conviction relief, alleging that the failure of the trial court to advise him of his constitutional right to compulsory process for obtaining witnesses was a fatal defect in his guilty plea proceeding and asked that his conviction be vacated. The trial court denied relief.

Prior to accepting a plea of guilty from a criminal defendant, the trial court is required to advise him of various constitutional rights, one of which is the right to compulsory process for obtaining witnesses in his favor. IC § 35-4.1-1-3 [Burns 1975]. In *Williams v. State,* (1975) 263 Ind. 165, 325 N.E.2d 827, the defendant was not specifically advised of his constitutional rights by the trial court. However, he had been advised of all of his rights by his counsel through a plea agreement voluntarily entered into by him. The agreement specified all the applicable constitutional rights. In holding that this was sufficient, Justice Hunter stated:

"We believe the essence of that decision [*Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274] requires only that the record affirmatively show that defendant was advised of the *Boykin* rights prior to the entry of his plea. A defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the *record of the guilty plea proceeding* contains evidence from which the trial court may validly conclude that defendant was meaningfully informed of the specific rights enumerated in *Boykin*." 263 Ind. at 176, 325 N.E.2d at 833 (original emphasis).

The record of the guilty plea proceeding in the case at bar shows that a three-page plea agreement was submitted to the trial court. Paragraph seven of the agreement recites that appellant understands and voluntarily waives his constitutional rights. These rights were spelled out in language substantially similar to the language of paragraph 6 in *Williams v. State, supra*. Following each constitutional right set forth in the paragraph, including the right "to have compulsory process for obtaining witnesses in his favor," appellant placed his initials "MC" to indicate that he had read and understood each right. In all, he initialed eight separate clauses within paragraph seven. The agreement was then signed by appellant, his father, his attorney, the prosecuting attorney of Marion County, and the deputy prosecutor handling the case.

Furthermore, at the hearing, the trial judge extensively questioned appellant regarding his pleas and whether he understood all his rights. The only apparent defect was that the trial judge neglected to ask if appellant understood his right to compulsory process. However, we see no reversible error. Notwithstanding the inadvertent failure of the trial court at the hearing to orally inquire whether appellant understood his right to compulsory process, it is abundantly clear from the record as a whole that appellant was aware of and understood the full panoply of constitutional rights and the ramifications of his waiver of such rights. Even though the statutory requirement that the judge address the appellant and inform him of all his rights has technically not been met, the guilty plea proceeding cannot be said to be so defective as to warrant reversal.

The judgment of the trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 321.