Gary B. GERMAN and Larry J. Jackson, Appellants,

v.

STATE of Indiana, Appellee.

No. 680S162.

Supreme Court of Indiana.

Dec. 3, 1981.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellants.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a consolidated appeal from the denial of separate but identical petitions for

post-conviction relief under Ind.R.P.C. 1. German and Jackson entered into plea-bargain agreements with the State in which they agreed to plead guilty to charges of attempting to commit a crime while armed with a deadly weapon (Ind.Code § 35–12–1–1, repealed) in return for the State's promise to dismiss two other charges against each of them arising out of the same incident. The trial court accepted the agreements and sentenced each defendant to fifteen-year prison terms.

In 1978 German and Jackson filed *pro se* petitions for post-conviction relief. The Public Defender then entered the case, obtained permission to amend the petitions, and represented the defendants at a hearing on the petitions in 1979.

We treat the appeal as raising the following issues:

(1) Whether the trial court's determination that the guilty pleas were entered voluntarily, knowingly, and intelligently is supported by the record.

(2) Whether the trial court's determination that defendants' trial counsel was competent is supported by the record. Because of our resolution of the first issue, we do not reach the second.

The plea bargain statutes provide:

Indiana Code § 35–4.1–1–3:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) determining that he understands the nature of the charge against him;

(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

Indiana Code § 35–4.1–1–4:

"(a) The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea.

(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea.

(c) A plea of guilty shall not be deemed to be involuntary under subsection (a) of this section solely because it is the produce of an agreement between the prosecution and the defense."

The post-conviction hearing judge found that the transcripts of the guilty plea and sentencing hearings disclosed that the court had failed to advise the defendants explicitly that by pleading guilty they were waiving certain rights; or that the plea of guilty was an admission of the facts alleged in the information or of lesser included offenses; or that the court was not a party to the agreement. He also found that the court had failed to address the defendants and determine from them that their pleas were not the result of promises or threats. He found, however, that the following provision of the identical written plea agreements signed by the defendants served to inform them of these rights and of their waiver of these rights:

"The Defendant understands that the State and Federal Constitutions guaran-

tee him certain rights, among them being the rights to a public trial by jury ( ), to a speedy trial ( ), to be free from self-incrimination ( ), to confront and cross-examine the witnesses against him ( ), to have compulsory process for obtaining witnesses in his favor ( ), and to require the State to prove his guilt beyond a reasonable doubt ( ). He further understands that the entry of his guilty plea pursuant to this agreement works a waiver of those rights and constitutes an admission of the truth of all facts alleged in the information to which he pleads guilty ( ) and that the guilty plea amounts to a conviction ( )."

The defendants initialed each phrase setting forth a specific right. The judge also found that the fact of the acceptance of the plea agreements renders the failure to inform the defendants that the court was not a party to the agreements and not bound to accept them, harmless.

The record shows that the trial judge addressed German and Jackson separately, read the charges set out in the information, and asked each defendant if he understood the nature of the charges. German and Jackson both answered, "yes." The plea agreements are identical and contain a statement that it constitutes an admission by the appellants of all facts alleged in the information. Each statement is initialed by each defendant.

The trial judge informed German and Jackson that they had the right to a public trial by jury, the right to counsel, the right to confront witnesses, the right to have compulsory process for obtaining witnesses in their favor, and the privilege against self-incrimination. The plea agreements contain the statement, "[t]he defendant understands that the state and federal constitutions guarantee him the [right] to require the state to prove his guilt beyond a reasonable doubt," and also recited the other rights enumerated by the trial judge.

Each statement naming a particular right is initialed by the defendants. The plea agreements contain the statement that the appellant understands that the entry of the guilty plea "works a waiver of those rights...." This statement is also initialed by each defendant.

The trial judge informed the defendants of the maximum possible sentence of thirty years and the minimum of ten years and of the court's authority to impose consecutive sentences.

■ In a post-conviction hearing, the burden is on the petitioner to establish his grounds for relief by a preponderance of the evidence, Ind.R.P.C. 1, § 5; and on appeal from an adverse judgment he must satisfy this Court that "the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State*, (1980) Ind., 408 N.E.2d 1215.

■ We conclude that the record of the guilty plea hearings is insufficient to support the conclusion that the defendants were informed that the consequence of their pleas was a waiver of their constitutional rights. It is not enough that the written plea agreement included the waiver provision quoted above. We have held that when the record shows that a written plea agreement adequately informed a defendant of all of his constitutional rights, we will not permit the withdrawal of a guilty plea merely because the trial judge failed to inquire orally whether the defendant understood a particular right. *Clark v. State*, (1978) Ind., 383 N.E.2d 321. This does not mean, however, that a term of the written plea agreement may be considered an adequate substitute for a personal advisement of so fundamental a matter as the concept of waiver. We hold that it is the duty of the trial judge to comply strictly with the terms of Ind.Code § 35–4.1–1–3, set out in full above. The trial judge must address the defendant according to the requirements of the statute and determine that the defendant understands the charges against him; inform him that by pleading guilty the defendant is admitting guilt; inform the defendant that he waives his rights to a jury trial, to confrontation with his accus-

 

ers, to compulsory process, and to require the State to prove his guilt beyond a reasonable doubt in a trial in which he cannot be compelled to testify; inform the defendant of the range of sentencing to which he is subject; and inform the defendant that the court is not a party to, and is not bound by, the plea agreement. The record before us clearly shows that the trial judge did not inform the defendants that a consequence of pleading guilty is the waiver of the rights set out above. *Neely v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714, and other cases, to the extent that they held that the statutory obligation of the trial judge to inform the defendant that a plea of guilty operates as a waiver or surrender of the above enumerated rights may be met by something short of a direct statement to that effect, are overruled.

The judgment of the trial court is reversed and this cause is remanded with instructions to vacate the guilty pleas, permit the defendants to enter pleas of not guilty, and set the matter for trial.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C. J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case.

It is my position that the written plea agreement adequately advised the appellants of their rights on their plea bargain agreement. The entire matter of informing defendants of their constitutional rights should be used as a safeguard to see that persons are not misled or tricked into entering pleas of guilty without full knowledge of the circumstances.

I do not think the system should be perverted to the extent that a person who is demonstrably fully informed must be granted a new trial simply because the trial judge did not engage in redundancy concerning the warnings to the defendants. In the case at bar, it would appear the warnings were complete and adequate, and initialed by appellants.

I would, therefore, hold that the warnings complied with constitutional requirements, and the case should be affirmed on that basis.

As far as the second question, which is not dealt with in the majority opinion because of the disposition of the first question, I do not think there is adequate showing in this case for this Court to require reversal on the basis that trial counsel was not competent. I would fall back on the large number of cases decided by this Court to the effect that a defendant is not entitled to a perfect trial, and if the trial does not result in a sham or miscarriage of justice, the conviction should be affirmed so far as a charge of competency of counsel is concerned.

I would, therefore, affirm the trial court in all respects.

PIVARNIK, J., concurs.