**Danny Lee GRAY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–781A56.

Court of Appeals of Indiana, Fourth District.

May 27, 1982.

Susan K. Carpenter, Public Defender, Ali A. Talib, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Defendant-appellant Danny Lee Gray pled guilty on March 19, 1980 to a charge of Theft. On December 29, 1980, Gray petitioned the Allen Superior Court for post-conviction relief under Ind. Rules of Procedure, Post-Conviction Rule 1. The petition was denied on March 16, 1981, and this appeal followed. On appeal Gray contends that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to advise him that by entering a plea of guilty he was: (1) admitting the truth of all facts alleged in the information; and (2) waiving his right to require the State to prove his guilt beyond a reasonable doubt.

The acceptance of guilty pleas by the trial court is governed in part by Ind.Code 35–4.1–1–3, which provides in part:

> The court shall not accept a plea of guilty from the defendant without first addressing the defendant and
>
> \* \* \* \* \* \*
>
> (b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself; ....

At the guilty plea hearing, Gray was informed of various constitutional rights. However, the trial court failed to comply with the strict mandate of Ind.Code 35–4.1–1–3 by not informing him that he was admitting the truth of all facts alleged in the information and that he was waiving his right to require the State to prove his guilt beyond a reasonable doubt. Ind.Code 35–4.1–1–3(b) and (c). Gray argues that this failure by the court requires a reversal. We agree.

In *German v. State*, (1981) Ind., 428 N.E.2d 234, the Indiana Supreme Court stated:

We hold that it is the duty of the trial judge to comply strictly with the terms of Ind.Code § 35–4.1–1–3, set out in full above. The trial judge must address the defendant according to the requirements of the statute and determine that the defendant understands the charges against him; inform him that by pleading guilty the defendant is admitting guilt; inform the defendant that he waives his rights to a jury trial, to confrontation with his accusers, to compulsory process, and to require the State to prove his guilt beyond a reasonable doubt in a trial in which he cannot be compelled to testify; inform the defendant of the range of sentencing to which he is subject; and inform the defendant that the court is not a party to, and is not bound by, the plea agreement. The record before us clearly shows that the trial judge did not inform the defendants that a consequence of pleading guilty is the waiver of the rights set out above. *Neeley v. State*, (1978) 269 Ind. 588, 382 N.E.2d 714, and other cases, to the extent that they held that the statutory obligation of the trial judge to inform the defendant that a plea of guilty operates as a waiver or surrender of the above enumerated rights may be met by something short of a direct statement to that effect, are overruled.

*Id.* at 236–37. As in *German*, the record before us shows that the trial judge did not inform the defendant in strict compliance with Ind.Code 35–4.1–1–3. A review of the entire record of the guilty plea proceedings causes us to reach the same conclusion.[1] There is nothing in the record to indicate that Gray knew that by pleading guilty he was waiving his right to require the State to prove his guilt beyond a reasonable doubt. Gray's plea was therefore not knowingly, intelligently and voluntarily entered.

The judgment of the trial court is reversed, and this cause is remanded to the trial court with instructions to grant the petition.

MILLER, P. J., and CONOVER, J., concur.

---

1. It is unclear whether *James v. State*, (1982) Ind., 433 N.E.2d 1188, requires an examination of the entire record of the guilty plea hearing. *James* could be so read. Such an expansive reading is not clearly mandated, however. First, *James* does not expressly require an examination of the entire record of the proceedings. Secondly, the implication that such procedure is required is dicta. Finally, the case cited by the Supreme Court in implying such a requirement was overruled implicitly in *German, supra*. It is unnecessary to resolve this issue to decide this appeal. We will assume, for the purposes of this appeal only, the existence of a requirement that the entire record be viewed.