Judith L. BEAHAN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 3-1182A310.

Court of Appeals of Indiana,
Third District.

June 23, 1983.

Susan K. Carpenter, Public Defender of Ind., Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Judith L. Beahan (Beahan) appeals the denial of her Petition for Post-Conviction Relief. She raises one issue: Whether her guilty plea was involuntarily and unknowingly given because the trial court failed to advise her of her right to have the State prove her guilt beyond a reasonable doubt.

Reversed and remanded.

Beahan went to trial on a forgery charge. After the State rested its case, she changed her plea to guilty. At the guilty plea hearing, the trial court advised Beahan of most of her rights as enumerated in IC 35-4.1-1-3,[1] but omitted mention of her right to have the State prove her guilt beyond a reasonable doubt. Beahan contends that, because of that omission, her guilty plea cannot be considered to have been knowingly and voluntarily given. We agree.

---

1. IC 35-4.1-1-3 provides in pertinent part:
   "The court shall not accept a plea of guilty from the defendant without first addressing the defendant and...
   "(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself."

■ Strict compliance with IC 35–4.1–1–3 is mandatory. *German v. State* (1981), Ind., 428 N.E.2d 234, 236; *Barfell v. State* (1979), Ind.App., 399 N.E.2d 377, 381. At the time a guilty plea is entered, the trial court must address the defendant directly and advise her of each right waived by the plea. *Davis v. State* (1983), Ind., 446 N.E.2d 1317, 1321; *Early v. State* (1982), Ind., 442 N.E.2d 1071, 1072.

■ Beahan had the burden of establishing grounds for post-conviction relief by a preponderance of the evidence. Post Conviction Rule 1, § 5. *German, supra,* 428 N.E.2d at 236. That burden was met by the showing of the trial court's non-compliance with the strict language of the statute. *Ricketts v. State* (1981), Ind.App., 429 N.E.2d 289, 290.

■ The State contends that, despite the trial court's omission, the record as a whole shows that Beahan understood her right to have the State prove its case beyond a reasonable doubt. Specifically, the argument is that Beahan was present throughout voir dire and preliminary instructions when the State's burden of proof was explained to the jury. Nonetheless, the law in Indiana is that a record which indicates a defendant's actual understanding of a right omitted by the trial court at the guilty plea hearing cannot cure the trial court's fatal non-compliance with the strict language of the statute. *See, Davis, supra,* 446 N.E.2d 1317; *see, Early, supra,* 442 N.E.2d 1071; *Barfell, supra,* 399 N.E.2d 377.

■ The record shows and the State concedes that the trial court did not directly advise Beahan of her right. As a matter of law, her guilty plea was not knowingly and voluntarily made. *Id.*

Reversed and remanded with instructions to vacate the guilty plea.

GARRARD, J., concurs.

HOFFMAN, P.J., concurs with opinion.

HOFFMAN, Presiding Judge, concurring.

I reluctantly concur.

The majority correctly follows the case of *German v. State* (1981), Ind., 428 N.E.2d 234. Although I disagree with the majority opinion in *German, supra,* I am compelled to follow it.

The Legislature in passing Ind.Code § 35–4.1–1–3 went beyond the state or federal constitutional requirements, and the Indiana Supreme Court has required strict adherence to its terms. I think the next session of the Indiana General Assembly should look at this statute.