Randy Ray WATSON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 2–983A323.

Court of Appeals of Indiana,
Second District.

May 23, 1984.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant Randy Watson (Watson) appeals the denial of his petition for post-conviction relief. He raises the issue whether the court erred in concluding his plea of guilty was entered knowingly, intelligently, and voluntarily.

Judgment reversed.

On July 2, 1982, Watson entered a plea of guilty to burglary. On July 13, 1982, he filed a petition for post-conviction relief and on June 14, 1983, the court denied his petition.

At the guilty plea hearing the trial court failed to fully advise Watson as required by I.C. 35–4.1–1–3(b), (c) and (d).[1] The State argues the trial court's omission is not error because the omitted advice was

---

1. At the time Watson plead guilty, I.C. 35–4.1–1–3 (Burns Code Ed., Repl.1979) provided:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon en-

given to Watson by the deputy prosecutor during the guilty plea hearing.

■ It is the duty of the trial court to comply strictly with the terms of I.C. 35-4.-1-1-3. *German v. State,* (1981) Ind., 428 N.E.2d 234. In *German,* the supreme court overruled existing case law insofar as it held "the statutory obligation of the trial judge to inform the defendant that a plea of guilty operates as a waiver or surrender of the [rights enumerated in I.C. 35-4.1-1-3] may be met by something short of a direct statement to that effect...." *German,* 428 N.E.2d at 237. Strict compliance with I.C. 35-4.1-1-3 serves three distinct purposes:

"First and most obvious, it insures that the defendant is apprised of the consequences his plea entails, including the waiver of the various constitutional rights enumerated in the statute. Second, it insures that the trial court is satisfied that the defendant understands the nature of the rights and is intelligently forsaking them; due to the gravity of the consequences attendant to the plea, it is the trial court, in its role as impartial and detached arbiter, which is suited to make that determination. Third, the duty and requirement, once properly discharged, creates a record which objectively reflects the extent of a defendant's knowledge and understanding of his rights and the consequences of the plea at the time it was entered. In turn, that record forecloses the initiation of postconviction proceedings which clog our court dockets and eliminate the dubious

and subjective after-the-fact assessment of a defendant's knowledge and understanding at the time the plea was entered and accepted. The latter concern is of particular significance in light of the rule that every reasonable presumption must be indulged against a waiver of a fundamental constitutional right."

*Early v. State,* (1982) Ind., 442 N.E.2d 1071, 1074-75 (Hunter, J.), concurring in part, dissenting in part, and concurring in result (citation omitted).

The necessity for strict compliance results, at least in part, from the role of the judge in the legal process as an impartial and detached arbiter. The roles of prosecutor and defense counsel are adversarial in nature. Their interests conflict with the interests sought to be protected in a guilty plea hearing as codified in I.C. 35-4.1-1-3. In contrast, the role of the trial judge is that of an impartial and detached arbiter uniquely qualified not only to impart the requisite solemnity to the proceeding but also to make the required judgments as to the defendant's understanding of the gravity of the rights he is waiving by the plea as well as the consequences of the plea.

■ We distinguish between the advisement required by I.C. 35-4.1-1-3 and the judicial inquiry as to the defendant's understanding of the contents of the advisement and the concept and fact of waiver. *See German,* 428 N.E.2d 234, 236. The latter inquiry is a nondelegable duty that must be performed by the trial court.[2] Just as a term of a plea agreement may not be considered "an adequate substitute for a personal advisement of so fundamental a

---

try of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

I.C. 35-4.1-1-3 (repealed 1982) was recodified at I.C. 35-35-1-2 (Burns Code Ed., Supp.1983).

2. Thus, we suggest the advisement required by I.C. 35-4.1-1-3 may come from a source other than the trial court if it occurs in open court at the guilty plea hearing after which the judge, through extensive interrogation of the defendant, determines the defendant understands the content of the previous advisement and the concept and fact of the waiver.

matter as the concept of "waiver," *German,* 428 N.E.2d at 236, so too, the bare inquiries of the prosecutor may not be considered an adequate substitute for the nondelegable judicial inquiry.

 Here, the trial court did not adequately comply with I.C. 35–4.1–1–3(b), (c) and (d). "The momentous consequences attendant to the entry of a guilty plea render it a 'grave and solemn act' to be accepted by the trial court 'only with care and discernment.'" *Early,* 442 N.E.2d at 1074 (Hunter, J.), quoting *Brady v. United States,* (1970) 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747. Watson's guilty plea was not accepted with the care and discernment required by *Brady* or the strict compliance with the statute required by *German* and its progeny.

The judgment of the trial court is reversed and this cause is remanded with instructions to vacate the guilty plea, permit Watson to enter a plea of not guilty and thereafter proceed to trial.

MILLER, sitting by designation, and SULLIVAN, JJ., concur.