Larry FREELAND, Jr.

v.

STATE of Indiana.

No. 1–884A200.

Court of Appeals of Indiana, First District.

Jan. 15, 1985.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Larry Freeland, Jr. (Freeland) appeals the denial of his petition under Ind. Rules of Procedure for Post Conviction Relief, Rule PC 1.

We reverse.

## STATEMENT OF THE FACTS

On November 25, 1981, Freeland was charged by information, subsequently amended on December 3, 1981, with Count I-attempted robbery, Count II-battery, and Count III-conspiracy to commit robbery.

On October 20, 1982, a plea agreement was filed with the court by which Freeland would plead guilty to Count I and receive a ten year sentence. The document, signed by Freeland and his attorney, contained a recital of the statements required to be given by the trial judge according to IND. CODE 35–35–1–2(a)(2)(A) and (B). The document specified in detail the advisement of the defendant required by the statute, including the omissions complained of above. Thereupon the trial judge undertook to advise Freeland in accordance with that statute.

From the transcript, it appears that in relation to specification of error (1), (*See* "Issues", infra), the trial court told Freeland that he had a right to a jury, a right to subpoena witnesses if he wanted any, a right to have the state prove his guilt beyond a reasonable doubt, and a right not to testify. Though the guilty plea hearing was held on October 20, 1982, just one day prior to the scheduled jury trial, no mention was made of a public or speedy trial. Freeland was told that he had a right to a lawyer, at public expense if he is indigent, through all states of the proceeding.

In regard to specification (2), (*See* "Issues"), the trial court advised Freeland that he was not a party to the plea negotiations. The negotiations are between Freeland, his attorney, and the prosecuting attorney; the court's function is only to approve or disapprove the agreement. The court explained that if he pleaded guilty, he would be giving up some of the rights that they had talked about. Then, factual determination to which no challenge is presented here, was made. To all these statements, Freeland acknowledged he understood.

Relative to the enhanced sentence issue, the court told Freeland of the minimum and maximum sentence, the possible fine, and explained to him the fact that pursuant to the plea agreement, he would actually get 10 years. The court explained that under certain circumstances, an additional 10 years could be added to his sentence. Upon questioning, Freeland told the court

he was not on parole, probation, or under a suspended sentence, though he was now serving a sentence. The court explained that the reason he was telling Freeland about enhanced sentencing was because it could adversely affect a suspended sentence, parole or probation. Thereupon the prosecuting attorney, and the court in Freeland's presence, discussed the fact that Freeland was serving time for another offense, but that the penalty was imposed after the commission of the instant offense. The court concluded that IND.CODE 35–50–1–2, requiring consecutive sentencing, was not applicable. Other parts of the record reflect that the offense for which Freeland was serving time was committed in July 1981, and he was not arrested or sentenced until after November 23, 1981, the date of the offense here.

The court questioned Freeland about the plea agreement to ascertain that Freeland had seen it, read it, signed it, discussed it with his lawyer, and was going to enter a plea of guilty subject to its provisions. There was no discussion about the provisions collectively or any particular term of the agreement.

## ISSUES

Freeland contends on appeal that his plea of guilty was not entered knowingly, intelligently and voluntarily in that the court failed to advise him of his rights in strict compliance with IND.CODE 35–35–1–2 prior to acceptance of his plea. Specifically, he asserts that he was not properly advised:

(1) that by pleading guilty, he waived his right to a public and speedy trial and to confront and cross-examine witnesses against him, as required by IND.CODE 35–35–1–2(a)(2)(A) and (B):

(2) that if the court accepted his plea, it was bound by the terms of the written recommendation, as required by IND.CODE 35–35–1–2(a)(4).

Freeland also asserts for the first time on appeal that the court's failure to advise him of the possibility of an enhanced sentence due to a prior conviction or convictions and of the possibility of consecutive sentencing, as required by IND.CODE 35–35–1–2(a)(3), constitutes fundamental error.

## DISCUSSION AND DECISION

The statute in question, which became effective on September 1, 1982, is IND. CODE 35–35–1–2, and reads as follows:

"Advisement of defendant by court— Waiver of right—

(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime, without first addressing the defendant and:

(1) Determining that he understands the nature of the charge against him;

(2) *Informing him that by his plea he waives his rights to:*

(A) A *public and speed trial* by jury;

(B) *Confront and cross-examine the witnesses against him;*

(C) Have compulsory process for obtaining witnesses in his favor; and

(D) Require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) Informing him of the maximum possible sentence and minimum sentence for the crime charged *and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of imposition of consecutive sentences;* and

(4) *Determining if a written recommendation under chapter 3 [35–35–3–1—35–35–3–7] of this article, has been executed by the prosecutor and the defendant, and if such recommendation exists, then informing the defendant that if the court accepts the plea, it is bound by the terms of the written recommendation."*

(Emphasis added.)

In *German v. State,* (1982) Ind. 428 N.E.2d 234, the Indiana Supreme Court set aside a guilty plea because of omissions of advice required by the statute, including

the fact that the defendant waived those rights by entering into a plea agreement, even though that information was contained in the written and signed plea agreement. A sharply divided court said:

"It is not enough that the written plea agreement included the waiver provision quoted above. We have held that when the record shows that a written plea agreement adequately informed a defendant of all of his constitutional rights, we will not permit the withdrawal of a guilty plea merely because the trial judge failed to inquire orally whether the defendant understood a particular right. *Clark v. State*, (1978) [270] Ind. [104], 383 N.E.2d 321. This does not mean, however, that a term of the written plea agreement may be considered an adequate substitute for a personal advisement of so fundamental a matter as the concept of waiver. We hold that it is the duty of the trial judge to comply strictly with the terms of Ind.Code, Sec. 35–4.1–1–3."

*German, supra*, 428 N.E.2d at 236.

In *Clark, supra*, the advice of the right to compulsory process for obtaining witnesses in the defendant's favor was omitted by the trial judge, but it was contained in the plea agreement, initialed by the defendant, and the court questioned him extensively regarding his plea and whether he understood his rights. The Indiana Supreme Court held that from the whole record, it was abundantly clear that the defendant understood his rights and thus refused to reverse. However, in *Early v. State*, (1982) Ind. 442 N.E.2d 1071, the signed plea bargain, initialed by the defendant, contained all matters required by the statute, but the court again omitted the advice of compulsory process. The court, sharply divided once more, reversed. It distinguished *Clark* because the court there had extensively questioned the defendant about the plea bargain; in *Early*, it did not. The court pointed out, as important here, that:

"... the judge made no references to any of its terms, separately or collective-ly, to determine whether or not Petitioner understood its contents.

There is nothing in the record, other than the written plea agreement itself, from which the trial court could have determined that petitioner knew of his right to compulsory process, and we clearly held in *German*, that a term of the written plea agreement may not be considered an adequate substitute for the personal advisement required by the statute.

Although we will not hold the plea hearing judge to particular language in carrying out the mandate of the statute if its simple language is utilized, together with simple questions, to ascertain that the defendant does, in fact, understand the meaning of each advisement and simple explanations, when necessary, defendants who plead guilty will not only be fully advised and competent to plead, but the record will also clearly reflect as much; and judicial time and effort can be conserved.

Although the plea bargain agreement in the instant case reflects that the petitioner understood the rights therein enumerated, including the right to compulsory process, it did not come from the judge, and it did not come at the time of the waiver. In order for rights to be voluntarily waived, they must be known and understood at the *time of the waiver*. The waiver occurs simultaneously with the guilty plea; hence the judge must ascertain, *and the record must reflect*, that the defendant understands his rights and the effect of a guilty plea at that *very moment*. That is the critical time. What he knew or did not know at prior times, including the time when he signed the plea agreement, is immaterial except insofar as it may be an aid to the hearing judge and to us in determining what he comprehended and understood at the time the plea is given."

*Early, supra*, at 1072.

In a further case of *Early v. State*, (1983) Ind. 454 N.E.2d 416, reversal was predicated on failure to advise the defendant that the court was not a party to the

plea bargain in compliance with the statute. As late as July 23, 1984, in *Anderson v. State*, (1984) Ind. 465 N.E.2d 1101, the Supreme Court set aside a guilty plea because the trial court failed to inform the defendant of his right to have the state prove his guilt beyond a reasonable doubt. The still sharply divided court held:

> "However, a written plea agreement entered into beyond the sight and hearing of the court may not be considered in adequate substitute for specifically addressing the subject on so fundamental a matter as the concept of having the State prove guilt beyond a reasonable doubt."

*Anderson, supra*, at 1102.

■ In the case before us, the trial court made no mention of IND.CODE 35–35–1–2(a)(2)(B), which states that he waived his right to confront and cross-examine the witnesses against him. Since this right is of constitutional dimension, on the authority of *German, Early*, and *Anderson*, reversal is dictated. It appears that the Supreme Court has retreated from the rationale in *Clark*.

■ Though not necessary for the decision because of our reversal, it would appear that since the trial was the next day, before a jury with witnesses, the public and speedy trial requirement was satisfied. See *Garringer v. State*, (1983) Ind. 455 N.E.2d 335; *Seybold v. State*, (1983) Ind.App. 456 N.E.2d 1076. Additionally, we see no merit in specification of error (2) for, as shown by the Statement of Facts, the court essentially told Freeland, though not in so many words, that he could accept or reject the plea agreement, and if he accepted it, the sentence would be in accordance with the agreement. Further, we are of the opinion that substantial compliance was had relative to the consecutive sentencing matter. Though not spelled out in the brief or even in the sentencing testimony, the remainder of the file reflects that Freeland, on October 20, 1982, was serving time for an offense committed in July 1981, which offense was prior in time to the offense charged here, but arrest and conviction was had after November 23,

1981. The statute mandating consecutive sentencing, IND.CODE 35–50–1–2, provides that imprisonment shall be served consecutively (b) if a person commits a crime; (1) after having been arrested for another crime; and (2) before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime. There is no showing that Freeland had been arrested when this instant offense was committed and the record indicates he was not. The trial court made a determination of that fact and advised Freeland accordingly.

For the above reasons, this cause is reversed and the plea of guilty is ordered vacated.

Judgment reversed.

RATLIFF, P.J., and ROBERTSON, J., concur.