**Robert E. JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 184 S 27.

Supreme Court of Indiana.

June 27, 1985.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Petitioner-appellant, Robert E. Jones, is before this court to prosecute an appeal from the denial of his petition for post-conviction relief. Petitioner entered his plea of guilty to attempted robbery, a Class B felony, and pursuant to the State's recommendation he was ordered to serve a determinate sentence of twelve (12) years.

One issue is raised in this appeal which is whether the plea was entered knowingly, intelligently and voluntarily.

These are the facts pertinent to the appeal. At the guilty plea hearing which took place on March 17, 1982, a recommendation was proffered and the court proceeded to advise appellant of the rights which would be relinquished in the event the plea agreement was approved and the plea of guilty accepted. Each of the rights enumerated in guilty plea statute, I.C. § 35–35–1–2 were voiced by the judge. All advisements of rights were prefaced with the phrase "in a trial" or "if you proceed to trial", with the exception of the one covering the right to compulsory process. However, the only specific reference to the concept of waiver was made in regard to the right to a trial. The court stated that a plea of guilty effectuated the relinquishment or waiver of the right to trial, and appellant waived the right to trial. The post-conviction court concluded that the record of the plea proceeding reflected compliance with the requirement of the statute that the plea would operate as a waiver or relinquishment of the individually stated rights.

In *German v. State* (1981), Ind., 428 N.E.2d 234, this court held that a written plea agreement entered into beyond the sight and hearing of the court may not be considered an adequate substitute for specifically addressing the subject of so fundamental a matter as the concept of waiver. *German*, was decided on December 3, 1981. The guilty plea in the case at bar was received on March 17, 1982, and therefore, the appellant review standard also addressed in *German*, requiring strict compliance with the requirements placed upon the trial courts by I.C. § 35–35–1–2, was fully applicable at the time. Accordingly, while the precise words of the plea statute need not be employed, we look for a direct statement that the plea operates as a waiver or surrender of the enumerated rights.

In prior cases, in which this court has permitted pleas to be withdrawn because of the failure to address the concept of waiver, there has been a statement of rights, but no information at all given that the plea of guilty worked their surrender. In this case, by contrast, and as found by the trial court, the information regarding the rights was coupled with a statement that they were in essence trial rights. Even though the right to compulsory process was not coupled with such a statement, it too, carried a similar message that witnesses could be called to testify on his behalf, and was ensconced within other advisements carrying the specific trial link. The

trial court then did expressly address the concept of waiver in dealing with the right to trial, and the appellant expressly waived a trial. When seen in this manner, the series of closely related questions did constitute a direct statement that the plea would render the rights useless. We agree with the trial court, that the requirements of the statute that the accused be told that by pleading guilty, he was surrendering his rights was satisfied.

The judgment of the trial court is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.