**Wilbert HARRISON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49502–8611–PC–973.**

Supreme Court of Indiana.

Nov. 14, 1986.

Rehearing Denied Feb. 5, 1987.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

CRIMINAL PETITION FOR TRANSFER

GIVAN, Chief Justice.

On August 10, 1982, appellant pled guilty to four Class B felonies: Voluntary Man-

slaughter, Conspiracy to Commit Voluntary Manslaughter, Robbery and Conspiracy to Commit Robbery. He was sentenced to serve concurrent ten (10) year terms of imprisonment. On November 21, 1984, appellant filed a Petition for Post-Conviction Relief in which he alleged that he was not properly advised by the trial judge upon the entry of his guilty plea. The petition was denied. In a memorandum decision, the Court of Appeals reversed and remanded with instructions to vacate the guilty plea. We grant appellee's Petition for Transfer, vacate the opinion of the Court of Appeals and affirm the trial court.

On August 10, 1982, appellant requested leave to withdraw his plea of not guilty and filed a written plea bargain agreement. A guilty plea hearing was held, at the conclusion of which the court took the matter under advisement. On September 1 the court accepted appellant's plea of guilty to the charges set out above and sentenced him pursuant to the terms of the plea agreement. The court also ordered that the sentences run concurrently with the sentence imposed in an unrelated cause.

Appellant's post-conviction petition alleged that the trial court failed to advise him "of any possible increased sentence by reason of the fact of a prior conviction or convictions" as required by Ind.Code § 35–4.1–1–3(d) (repealed and recodified at Ind. Code § 35–35–1–2). In denying the requested relief, the post-conviction court determined that "based on the totality of the circumstances" appellant was properly advised of his rights pursuant to Ind.Code § 35–4.1–1–3. The Court of Appeals, properly deeming itself bound by precedent of this Court, concluded the omission of the advisement constituted reversible error.

This Court has subsequently held, however, that a post-conviction petitioner who merely establishes that the trial judge accepting his plea of guilty failed to give an advisement in accordance with the guilty plea statute has not met his burden of proof. *White v. State* (1986), Ind., 497 N.E.2d 893. The petitioner must plead specific facts from which it can be concluded that the omission rendered his decision to plead guilty involuntary or unintelligent. In addressing such a claim, we look to the entire record, including the written plea bargain agreement, the transcript of the sentencing and any further evidence presented at the post-conviction hearing. *Id.*

While the record does not affirmatively show that appellant understood the possibility of an enhanced sentence by virtue of his prior conviction, we cannot find that his decision to plead guilty was involuntary or unintelligent. There is no evidence to indicate that appellant was misled as to the terms of the plea agreement or was coerced into pleading guilty. *Id.* Nor is there any evidence showing that appellant would not have pled guilty but for the omitted advisement. The failure of the trial judge to strictly comply with the statute had no impact on the sentencing, as appellant received the concurrent presumptive sentences provided for in the plea agreement, those sentences to be served concurrently with the sentence imposed on appellant's only prior conviction. The trial court was correct in concluding that appellant was not entitled to post-conviction relief.

Appellee's Petition for Transfer is granted and the Court of Appeals' opinion is hereby vacated.

The trial court is affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was accepted on September 1, 1982, after the effective date of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234, requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which statutory provisions were declared required by due process of law in the case of *Austin v. State* (1984), Ind., 468 N.E.2d. 237. Both of these cases were recently overruled in *White v.*

*State* (1986), Ind., 497 N.E.2d 893. For the reasons stated in my dissent in *White v. State supra,* I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty. In the situation presented in this case, I do not believe that it can be said that a criminal defendant has made an informed decision to plead guilty. The defendant was informed of the range of sentences authorized by the criminal statute when told of the minimum and maximum possible ones. But there is no documentation that he was ever supplied with the information that prior convictions can have a sentence enhancing effect. Thus at the crucial times when deciding whether to accept the State's offer of a medium range sentence and when deciding whether to give up the right to a trial, we cannot know whether he had had a decent opportunity to explore the sentence enhancing effect which his own conviction might have, and then to relate that to other factors, including those which might have a sentence diminishing effect. I believe that the legislature in enacting the guilty plea statutes requiring the court before accepting a plea of guilty to make sure that this knowledge is with the defendant, wanted the highest level of assurance from the judiciary that criminal defendants have been afforded a full and fair opportunity to make such an evaluative exploration. I continue to regard it as imperative to vigorously enforce the requirements of the statute.