Derrick **HARRISON,**
**Petitioner-Appellant,**

v.

**STATE of Indiana,**
**Respondent-Appellee.**

No. 45A03–8702–PC–50.

Court of Appeals of Indiana,
Third District.

July 28, 1987.

Rehearing Denied Oct. 15, 1987.

---

Susan K. Carpenter, Public Defender, Hector L. Flores, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, respondent-appellee.

GARRARD, Presiding Judge.

Harrison pled guilty to robbery and confinement, two Class B felonies, and was sentenced to concurrent terms of seven years. After serving five years he petitioned for post conviction relief. He now appeals the court's decision denying relief.

The trial court found that when Harrison entered his guilty plea the trial judge had failed to advise him of any possible increased sentence he might receive because of prior convictions and failed to advise him the court was not a party to any agreement he might have reached with the prosecutor.

However, the post conviction court denied relief because the record conclusively showed that the court did not, in fact, increase Harrison's sentence because of prior convictions (the sentences were less than the presumptive sentence and were imposed to run concurrently although the court had advised Harrison that they could be made consecutive) and while there indeed was no written plea agreement the court did, in fact, follow the sentencing recommendation which the state had discussed with Harrison. Therefore, Harrison suffered no harm from the defective advisement. *White v. State* (1986), Ind., 497 N.E.2d 893.

Although numerous decisions have already applied *White* retrospectively to cases where the post conviction court had denied relief but the appeal had not been decided at the time *White* was handed down, Harrison asserts this constitutes a denial of due process.

We disagree.

In *White* the court held that it was appropriate to look at the entire record to determine whether a petitioner was fully advised and understood his rights. The court also held that as to the advisements prescribed by IC 35-35-1-2 which went beyond those identified in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, it was necessary for a petitioner to show that he was prejudiced, i.e. that petitioner was thereby misled into entering his plea; that the plea was not knowing and voluntary.

It is the second phase of *White* that Harrison challenges on due process grounds. In that part of its opinion the *White* court stated that a petitioner for post conviction relief should both plead and prove necessary facts to establish that the trial judge's failure to fully comply with IC

35–35–1–2 rendered the petitioner's decision to plead an involuntary or unintelligent one.

The court has already ruled in *Patton v. State* (1987), Ind.App., 507 N.E.2d 624, 628 that if a new petition is filed to meet the pleading requirements of *White* by one of these petitioners,[1] the issues he seeks to raise will not be deemed to have been waived because they were not included in his pre-*White* petition. Furthermore, we agree with the state that any contention of due process violation in the pleading requirements would arise under the second petition rather than the pre-*White* petition.

Secondly, as the discussion in *White* pointed out, the court's earlier decision in *German v. State* (1981), Ind., 428 N.E.2d 234 (which demanded strict compliance with IC 35–35–1–2 regardless of whether the convicted person suffered any harm from the defective advisement) when considered in context with the court's other decisions in this area, was clearly concerned with a prophylactic rule to control the conduct of trial court judges in taking guilty pleas. 497 N.E.2d at 900.

Since actual harm to the convicted person arising from the mis- or non-advisement had nothing to do with application of the *German* rule, convicted persons acquired neither a liberty nor property interest in the rule upon which the due process or due course of law clauses might operate.[2]

■ Finally, since the *White* requirement is that a petitioner must both plead and *prove* some harm, there is no need to remand for a rehearing if the record conclusively shows that petitioner suffered no harm from the defect he complains of.

In Harrison's case the record clearly establishes that no increased sentence was imposed because of prior convictions. The court, in fact, complied with the plea agreement. Harrison suffered no harm from either defect.

Affirmed.

SHIELDS, P.J., and STATON, J., concur.

---

1. One who claims special prejudice due to the overruling of *German v. State, infra,* by *White.*

2. It should be borne in mind that even under *German,* reversal merely vacated the guilty plea. The state was then free to try the person involved.