Gary Willard SHELOR, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1276S438.

Supreme Court of Indiana.

March 12, 1979.

Harriette Bailey Conn, Public Defender, Kyle M. Payne, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of Petitioner's (Appellant's) petition for post conviction relief under Post Conviction Remedy Rule 1. The issue is whether or not he is entitled to withdraw his guilty plea entered in the St. Joseph County Superior Court (Honorable Douglas D. Seely, Jr., presiding), under a claim that it was not knowingly and voluntarily given.

The petitioner stood charged with armed felony (robbery) and had entered a plea of not guilty. An agreement was reached between his appointed counsel and the prosecutor, in accordance with which the petitioner, on December 3, 1973, withdrew the

plea of not guilty, entered a plea of guilty, and the prosecutor recommended a sentence of ten (10) years. The plea was accepted, and the matter was continued for sentencing, and a pre-sentence investigation was ordered.

On January 11, 1974, the petitioner was sentenced to twelve (12) years, rather than to ten (10) years as the prosecutor had recommended in accordance with the agreement.

On March 26, 1974, the petitioner, by his same appointed counsel, filed a pleading denominated "petition to modify sentence" which set forth the terms of the plea agreement, alleged extenuating and mitigating circumstances surrounding the agreement and prayed that the sentence be reduced accordingly, or, alternatively that the petitioner be permitted to withdraw the guilty plea and to stand trial. This motion was signed by the petitioner and his counsel but was not verified. It was held in abeyance by the court, pending advisement of counsel as to whether he wished the petitioner to be returned from the penitentiary for a hearing.

No further action was taken with respect to the aforesaid motion, and the attorney subsequently advised the petitioner that he could not do anything more for him and suggested that he contact the office of the State Public Defender, which he did.

The State Public Defender contacted the petitioner in the early summer of 1974, and following a considerable delay incidental to obtaining the necessary transcript, a duly verified petition for post conviction relief was filed on February 3, 1976, which petition was heard on March 26, 1976, and denied on April 22, 1976. In substance, the findings and conclusions of Judge Seely were that the motion filed on March 26, 1974, was a petition for relief as contemplated by Post Conviction Rule 1, that petitioner had not carried his burden of proof thereon, that such petition operated as a waiver of all grounds for relief not set forth therein and that, therefore, the grounds set forth in the petition of February 3, 1976, were not considered.

It is our opinion that the trial judge was in error in both conclusions. The material facts are not in dispute, thus in the interest of conserving judicial resources, we shall make the ultimate determination rather than to remand the matter to the trial court for further findings.

■ Although apparently not intended as such, we believe that, but for the lack of verification, the March 26, 1974 motion would have been properly treated as a petition for relief under Post Conviction Rule 1, and that the relief should have been granted under *Watson v. State,* (1973) 261 Ind. 97, 300 N.E.2d 354 and *Dube v. State,* (1971) 257 Ind. 398, 275 N.E.2d 7. Although the trial judge advised the petitioner that the agreement was not binding upon the court, it is clear that the petitioner, in entering the guilty plea, was relying upon his attorney's assurances that the bargain would be honored. It was not refuted that the petitioner protested to his counsel immediately following the sentencing and that the attorney told him not to worry about it that it would be corrected.

■ Upon the waiver issue, this case falls squarely within the scope of *Owens v. State,* (1975) Ind.App., 338 N.E.2d 715, wherein the Court of Appeals correctly determined the effect of a petitioner's failure to verify his post conviction petition. Subsequent to his conviction on a charge of theft, Defendant Owens filed a petition for post conviction relief which he neither signed nor had notarized. The petition was denied, and no appeal was taken from its denial. A second petition for post conviction relief was filed, alleging additional grounds for relief. The trial court denied the petition, finding that a prior petition had been filed and denied, and that Owen had failed to establish the allegations of error contained in the second petition. In holding for the defendant, the court found that the trial court should not have reached the merits of the first petition due to its lack of verification and that therefore the first petition could not act as a waiver of the issues presented in the second petition.

In support of their holding the court stated at page 718:

"Section 8, set out above, requires that all grounds for relief be set out in the first petition or be waived. Further, each petition contains a statement that the petitioner has reviewed the petition and that all grounds for relief are stated therein. This statement has the effect of finally closing the door to post-conviction remedies by such a procedure, and, rightfully, there is a requirement that the petitioner sign the petition and have it notarized as evidence that he has reviewed all of the contents *and* the waiver statement.

"We believe that no undue burden is cast upon the trial court to ascertain whether a petition has been properly verified. In cases where the petition is not properly completed, the trial court should return the petition for verification. By such a procedure, trial courts will be assured that they are considering all of a petitioner's allegations, and the petitioner will be denied the issue of lack of verification if he appeals a trial court's adverse decision. We do not consider the requirement of verification a mere technicality, and we believe that insistence on such a requirement implements the finality that P.C.R.1, Sec. 8 was intended to embody."

We now turn to the merits of the petition for relief filed February 3, 1976. The record of the guilty plea hearing is before us and is conclusive. It reflects that in accepting the guilty plea, the trial judge did not comply with the requirements of Ind.Code § 35–4.1–1–3 et seq., then in effect, and that the defendant was no. then advised of his right to confront his accusers, his privilege against self-incrimination, his right to a speedy, public trial, his right to compulsory process or his right to require the State to prove him guilty beyond a reasonable doubt. Waiver of these vital rights, the knowledge of which is essential to an intelligent, knowing and voluntary guilty plea, may not be presumed from a silent record. *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Brimhall v. State*, (1972) 258 Ind. 153, 279

N.E.2d 557; *Bonner v. State*, (1973) 156 Ind.App. 513, 297 N.E.2d 867; *Williams v. State*, (1975) 263 Ind. 165, 325 N.E.2d 827.

It follows that, under the requirements of *Boykin v. Alabama, supra,* and our statute, the petitioner's guilty plea must be set aside. This result is less than satisfactory, as it is apparent that what the petitioner sought and initially should have had was a modification of sentence in accordance with the plea agreement. In view of the record, however, we are without authority to effect that result in these proceedings.

The cause is remanded to the trial court with instructions to vacate the judgment and guilty plea and reinstate the petitioner's plea of not guilty.

DeBRULER, HUNTER and PIVARNIK, JJ., concur.

GIVAN, C. J., concurs in result.