Johnny BARNES, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 12A04–8604–PC–106.

Court of Appeals of Indiana,
Fourth District.

Aug. 28, 1986.

Susan K. Carpenter, State Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Johnny Barnes (Barnes) appeals the trial court's grant of the State's motion for summary judgment, denying his third petition for post-conviction relief from his guilty plea and convictions for robbery.

We reverse and remand.

ISSUES

Because we reverse, we address only the following issue. Restated, the issue is:

1. whether the trial court erred in summarily denying Barnes's petition for post-conviction relief on the basis his two prior petitions failed to raise the grounds for relief sought in the present petition. Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 8.

FACTS

On April 14, 1981, Barnes pled guilty to two counts of robbery while armed, a class B felony. On May 14, 1981, he was sentenced to serve two concurrent 14 year terms.

Barnes obtained private counsel. In October, 1982, he filed a verified pleading attacking the propriety of the aggravated sentence. A hearing was held and relief granted to the extent the trial court entered a statement of aggravating factors. The length of the sentence was not altered as a result of these proceedings.

In April, 1983, the same attorney submitted a second pleading, nearly identical to the first, which was verified and attacked only the aggravated sentences. Relief was summarily denied.

Neither pleading conformed to the post-conviction rule which requires verification indicating every ground for relief is included in the pleading. *See* Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 3. Private counsel subsequently withdrew from the case. The public defender then filed a third post-conviction petition. In this petition Barnes challenged for the first time the validity of his guilty plea. The State answered and moved for summary judgment. The State claimed the ground raised in this petition had been waived due to Barnes's failure to raise it in the two pleadings previously adjudicated. *See* Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 8. The State's motion was granted. Barnes appeals.

## DISCUSSION AND DECISION
### *Standard of Review*

■ We first note the State has filed a pleading entitled "WAIVER OF BRIEF OF APPELLEE" in which it confesses specific allegations of error. In such situations, we apply the rule applicable in cases where no brief has been filed. Thus, Barnes need only establish the lower court committed *prima facie* error to win reversal. *Johnson County Rural Electric v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991. Likewise, the statement of facts contained in Barnes's brief is deemed by us to be accurate and sufficient for disposition of this appeal. *Id.; Colley v. Carpenter* (1977), 172 Ind.App. 638, 362 N.E.2d 163, 166.

### I. *Summary Judgment*

■ Barnes claims the trial court erred in summarily denying his third petition for post-conviction relief. The trial court's conclusion was based upon Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 8, which states:

All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelli-

gently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

We find P.C. Rule 1, Sec. 8 would be applicable here had Barnes's two prior petitions complied with the verification requirements of P.C. Rule 1, Sec. 3. Barnes admits his two prior petitions were verified, but the verifications failed to indicate he had included every ground for relief known to him. Thus, he opines, the trial court was barred from summarily precluding his present petition. We agree.

■ Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 2 requires petitions for post-conviction relief to be verified. Under Sec. 3, a petitioner is *required* to acknowledge in the verification "he has included every ground for relief known to petitioner." If such verification is not attached to the original petition, the trial court should return the petition for compliance with the verification requirements. Where, however, the trial court adjudicates the merits of a petition which lacks the necessary verification, the petitioner is not barred from raising a different ground for relief in a subsequent petition. *Shelor v. State* (1979), 270 Ind. 454, 386 N.E.2d 690, 691–692; *Barfell v. State* (1979), Ind.App., 399 N.E.2d 377, 380; *Owen v. State* (1975), 167 Ind.App. 258, 338 N.E.2d 715, 718.

In *Owen, supra,* Judge Lowdermilk stated:

In light of the proscriptive effect of P.C.R. 1, Sec. 8, and the additional facts set forth above, we conclude that the trial court should not have reached the merits of the first post-conviction petition. It follows, therefore, that the denial of the petition, which we find fatally defective for lack of verification, could not operate as a waiver of the question presently before us.

Section 8, set out above, requires that all grounds for relief be set out in the first petition or be waived. Further, each petition contains a statement that the petitioner has reviewed the petition and that all grounds for relief are stated therein. This statement has the effect of finally closing the door to post-conviction remedies by such a procedure, and, rightfully, there is a requirement that the petitioner sign the petition and have it notarized as evidence that he has reviewed all of the contents *and* the waiver statement.

We believe that no undue burden is cast upon the trial court to ascertain whether a petition has been properly verified. In cases where the petition is not properly completed, the trial court should return the petition for verification. By such a procedure, trial courts will be assured that they are considering all of a petitioner's allegations, and the petitioner will be denied the issue of lack of verification if he appeals a trial court's adverse decision. We do not consider the requirement of verification a mere technicality, and we believe that insistance on such a requirement implements the finality that P.C.R. 1, Sec. 8 was intended to embody.

338 N.E.2d at 718.

Because Barnes's prior petitions were not properly verified, the trial court's rulings on their merits did not bar Barnes from pursuing his new issue, the validity of his guilty plea, in his third petition. Accordingly, the trial court erred in granting the State's motion for summary judgment.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and YOUNG, JJ., concur.