Kevin **PETTIFORD**, Appellant (Petitioner Below),

v.

**STATE** of Indiana, **Appellee** (Respondent Below).

No. 18A02-8610-PC-355.

Court of Appeals of Indiana, Fourth District.

Feb. 25, 1987.

Susan K. Carpenter, State Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Petitioner-Appellant Kevin Pettiford (Pettiford) files an interlocutory appeal of the trial court's order setting aside its earlier judgment granting post-conviction relief, and ordering Pettiford to show cause why his earlier conviction should not be reinstated.

We reverse.

ISSUES

Pettiford submits three issues for our review. Because we reverse, we address only the following restated issue:

whether the trial court erred by vacating a judgment it entered 92 days earlier.

FACTS

Pettiford was charged with Forgery, a class C felony. He entered a plea of guilty, was sentenced to a suspended term of five years, and placed on probation for one year. Three years later, Pettiford filed a petition for post-conviction relief from that judgment which was granted by the trial court on June 12, 1986. Ninety days later, on September 10, 1986, the trial court made the following docket entry:

Court, advised of Indiana Supreme Court case being handed down pertinent herein for modification, continues consideration, pending receipt of opinion.

(R. 62).

On September 12, 1986, the trial court entered the following order:

Court, having reviewed decision of the Indiana Supreme Court in *White v. State* (cause number 2–1083 A 363) on September 10, 1986, and the transcript of guilty plea and sentencing herein, determines that the Court's entry of June 12, 1986 is erroneous and should be vacated and judgment and conviction of defendant should be reinstated. Defendant ordered to show cause why judgment and conviction should not be reinstated. Hearing set for October 20, 1986, at 1:30 p.m. Prosecutor and John Pinnow, State Deputy Public Defender, and Defendant, Kevin Pettiford ordered notified of hearing.

(R. 63).

Pettiford filed a petition with the trial court and this one for permission to file an interlocutory appeal. His petition was granted and this appeal results.

DISCUSSION AND DECISION

 The State has not favored this court with an appellee's brief.[1] Instead of assuming the burden of controverting Pettiford's arguments, we apply a less stringent standard of review. In order to win reversal, Pettiford need only establish the trial court committed *prima facie* error. *Johnson County Rural Electric v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991. In this context, *"prima facie"* means at first sight, on first appearance, or on the face of it. *Johnson County, supra,* at 991. The application of this standard is discretionary and dependent upon Pettiford showing *prima facie* error. *Johnson County, supra,* at 991. However, we still view the evidence in the light most favorable to the trial court's judgment. Reversal will ensue only if error is demonstrated in the record and by Pettiford's brief. *Herald Telephone v. Fatouros* (1982), Ind. App., 431 N.E.2d 171, 174. We find Pettiford's brief presents *prima facie* error below.

IND.CODE 33-1-6-3 provides:

> 33-1-6-3 **Power and control over judgments; retaining after rendering**
>
> Sec. 3. All courts shall retain power and control over their judgments for a period of ninety (90) days after the rendering thereof in the same manner and under the same conditions as they have heretofore retained such power and control during the term of court in which the judgments were rendered.

Here, we note the trial court's order of September 10, 1986, continuing consideration of its prior judgment granting Pettiford's petition for post-conviction relief, was entered 90 days after entry of the prior judgment. However, the trial court's order *vacating the judgment* of June 12th was not entered until 92 days later, September 12, 1986.[2] In *Wadkins, supra,* Judge Buchanan said

> Granting that during the 90 day period courts now have broad powers with respect to their judgments, *such judicial acts may not be effected solely for the accommodation of parties or by the whim or caprice of the judge. Were it not so, a trial judge could by a wave of his gavel inhibit finality of judicial proceedings....* (Emphasis supplied).

279 N.E.2d at 851. The trial judge's attempt here to retain control over his judgment beyond the statutorily imposed 90 day limit was ineffectual. The 90 day limit is absolute. *Wadkins, supra.*

Moreover, Ind. Rules of Procedure, Trial Rule 52(B)[3] states the terms under which a trial judge may amend a judgment or enter a new one on his own motion.[4] *Holiday*

---

1. The State has filed a notice of waiver of its right to file an appellee's brief. However, this does not change our standard of review. *See Barnes v. State* (1986), Ind.App., 496 N.E.2d 816, 817.

2. While trial courts have broad powers regarding their judgments for 90 days after entry, their control over judgments is not without limitation. *Covalt v. Covalt* (1976), 171 Ind.App. 37, 354 N.E.2d 766, 771, n. 13; *see also, Wadkins v. Thornton* (1972), 151 Ind.App. 380, 279 N.E.2d 849, 850–851.

3. (B) Amendment of Findings and Judgment—Causes Therefor. Upon its own motion at any time before a motion to correct errors (Rule 59) is required to be made, or with or as part of a motion to correct errors by any party, the court, in the case of a claim tried without a jury or with an advisory jury, may open the judgment, if one has been entered, take additional testimony, amend or make new findings of fact and enter a new judgment or any combination thereof if:

 (1) the judgment or findings are either against the weight of the evidence, or are not supported by or contrary to the evidence;
 (2) special findings of fact required by this rule are lacking, incomplete, inadequate in form or content or do not cover the issues raised by the pleadings or evidence;
 (3) special findings of fact required by this rule are inconsistent with each other; or
 (4) the judgment is inconsistent with the special findings of fact required by this rule. Failure of a party to move to modify the findings or judgment under this subdivision and failure to object to proposed findings or judgment or such findings or judgment which has been entered of record shall not constitute a waiver of the right to raise the question in or with a motion to correct errors.

4. Ind.Rules of Procedure, TR 60, provides for relief of a party from a judgment. TR 60(A) permits the modification of a judgment arising out of a clerical mistake. The June 12th judgment was not vacated due to a clerical mistake. TR 60(B) is also not applicable because it does

*Park Realty Corp. v. Gateway Corp.* (1972), 259 Ind. 477, 289 N.E.2d 292, 293. T.R. 52(B) requires the amending or entering of a new judgment before the time in which a motion to correct errors must be made. Trial Rule 59(C) provides a motion to correct errors must be filed no later than 60 days after the entry of a final judgment or appealable final order.[5] The trial court had no power or authority to change its judgment 92 days after its entry.

Reversed with instructions to expunge its order of September 12, 1986, and to reinstate its judgment of June 12, 1986.

MILLER, J., concurs.

SULLIVAN, J., concurs in result.

not authorize a trial judge to set aside a judgment absent a motion by one of the parties. *State ex rel AAFCO v. Lake Superior Court* (1975), 263 Ind. 233, 328 N.E.2d 733, 734; *Town of St. John v. Home Builders Assn.* (1981), Ind. App., 428 N.E.2d 1299, 1302. Here, there was no motion made by either party; the trial judge proceeded on his own.

5. (C) Time for Filing: Service on Judge. A motion to correct error shall be filed not later than sixty [60] days after the entry of a final judgment or an appealable final order.