**William MASTERSON,**
**Petitioner-Appellant,**

v.

**STATE of Indiana,**
**Respondent-Appellee.**

**No. 62A01–8702–PC–42.**

Court of Appeals of Indiana,
First District.

Aug. 12, 1987.

———

Susan K. Carpenter, Public Defender, Margaret Hills, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, William Masterson (Masterson), appeals a ruling by the Perry Circuit Court denying his petition filed under Ind.Rules of Procedure, Post-Conviction Rule 1.

We reverse.

## STATEMENT OF THE FACTS

On June 9, 1983, Masterson was charged with various offenses and, pursuant to a plea agreement in which certain charges were dismissed, he entered his pleas of guilty on March 20, 1984, to theft and burglary. Thereafter, he filed his petition under P.C. 1, which was granted on April 14, 1986. No motion to correct error was ever filed by the State, nor were any other procedures invoked to attack the judgment. On September 10, 1986, *White v. State* (1986), Ind., 497 N.E.2d 893, was decided. In reliance on *White* the State, on September 19, 1986, filed its motion to reconsider the April 14 judgment. On October 10, 1986, 179 days after judgment entry, the trial court vacated the April 14th judgment and denied Masterson's P.C. 1 petition. From that ruling Masterson appeals.

## ISSUES

Masterson presents two issues on appeal. He claims:

  I.  The trial court exceeded its jurisdiction when it set aside the April 14 P.C. 1 judgment 179 days after entry.

  II.  *White* cannot be applied retroactively.

Issue II is not well taken, as that issue has been decided adversely to Masterson in a number of cases, including *White* itself, which was a retroactive application. We will not address it further.

## DISCUSSION AND DECISION

■ There are a number of ways in which a judgment can be attacked or modified. A motion to correct error under Ind. Rules of Procedure, Trial Rule 59, is one way, but it must be filed within 60 days from the rendition of the judgment. T.R. 59(C). Under T.R. 59(B) and Ind.Rules of Procedure, Trial Rule 52(B), a trial court may, on its own motion, correct its judgment within 60 days. Under IND.CODE 33-1-6-3 a trial court retains jurisdiction over its judgment for 90 days, but that statute may have been superseded by the trial rules. It requires no citation of authority to show that compliance with those rules, and the time limits stated therein, is jurisdictional.

The case of *Pettiford v. State* (1987), Ind.App., 504 N.E.2d 324, bears an identical procedural posture as the case at bar and is directly on point. In that case, which also involved a post-conviction proceeding, the trial court, after the decision in *White* and 92 days after granting Pettiford's post-conviction petition, set it aside. The court, on appeal, held that the trial court was without jurisdiction. *Id.* at 327.

Ind.Rules of Procedure, Trial Rules 60(A) and (B)(1) through (8), provide procedures to attack a judgment in a variety of ways, for clerical mistakes, relief from default judgments, void judgments, fraud, where the judgment is satisfied, and the like. Here the State relies only upon T.R. 60(B)(7) and (8). Those sections provide:

(7) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) Any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

However, T.R. 60(B) is not a substitute for a belated appeal, nor can it be used to revive an expired attempt to appeal. *York v. Miller* (1975), 167 Ind.App. 444, 339 N.E.2d 93. It envisions exceptional and extraordinary circumstances. *Warner v.*

*Young America Volunteer Fire Department* (1975), 164 Ind.App. 140, 326 N.E.2d 831. A subsequent decision by the court of review in an unrelated case does not permit a trial court to change its judgment pursuant to T.R. 60(B)(2), (7), and (8). *St. Catherine's Hospital v. Bergner* (1986), Ind. App., 493 N.E.2d 1321; *Sheraton Corp. of America v. Korte Paper Co.* (1977), 173 Ind.App. 407, 363 N.E.2d 1263. Trial Rules 60(B)(7) and (8) are concerned only with exceptional circumstances. *Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800.

■ The State cites no cases or authority contravening the above, well settled doctrines. It merely cites cases which state that a T.R. 60(B) motion is addressed to the sound discretion of the trial court. We hold that upon entry of the April 14 judgment, the State's remedy under the facts of this case was to file a motion to correct error; none of the other trial rules are applicable. When it failed to do so, the trial court's jurisdiction lapsed upon the expiration of the time limits. The above cases, including *White*, discuss at length the overriding policy that judgments must become final at a fixed, visible, and predictable point. We decline to muddy that policy by creating avenues of escape for litigants.

For the above reasons this cause is reversed. The trial court is ordered to vacate the October 10, 1986 order, and reinstate the April 14, 1986 judgment granting Masterson's petition for post-conviction relief.

Judgment reversed.

ROBERTSON and STATON, JJ., concur.