**Andrew WOODS, Appellant–**
**Defendant Below,**

v.

**STATE of Indiana, Appellee–**
**Plaintiff Below.**

No. 45A03–9103–CR–57.

Court of Appeals of Indiana,
Third District.

Aug. 13, 1991.

Albert Marshall, Appellate Div., Lake Superior Court, Crown Point, for appellant-defendant below.

STATON, Judge.

Andrew Woods appeals his convictions for dealing in cocaine [1] and conspiracy to deal in cocaine,[2] Class A felonies. His sole allegation of error is that his convictions are not supported by sufficient evidence of probative value because he was "entrapped," i.e., persuaded into engaging in the alleged criminal conduct by a law enforcement officer and his agent.

We note initially that the State has not favored us with a brief for this appeal; therefore, Woods may prevail by making a prima facie showing of reversible error. *Pettiford v. State* (1987), Ind.App., 504 N.E.2d 324. *See also Jorgenson v. State* (1990), Ind.App., 559 N.E.2d 616, *rev'd on other grounds* (July 11, 1991), Ind., No. 73S04–9107–CR–538 (where State fails to address an issue in its brief, that issue warrants review under the "prima facie error" test). In this context, "prima facie error" is error appearing at first sight or "on the face of it." *Pettiford, supra,* at 326.

This relaxed standard does not, however, allow this court to weigh evidence or assess witness credibility when a conviction is challenged as unsupported by sufficient evidence. We must still view the evidence in a light most favorable to the State. *Id.; Clark v. State* (1990), Ind., 562 N.E.2d 11, 16. Reversal is warranted only if error is demonstrated in the record and by Woods' brief. *Pettiford, supra,* at 326.

1. IND.CODE 35–48–4–1 (1988).

2. IC 35–41–5–2.

Woods has not demonstrated prima facie error in this case, and we therefore affirm.

■ The evidence favorable to the State indicates that in the Spring of 1989, State Trooper Alvic Brown made three controlled purchases of narcotics from Woods. A confidential informant initially introduced Woods to Trooper Brown. Brown acknowledged that the informant had argued with Woods about "losing a product and she needed help getting it back." Record, p. 256. However, Brown consistently denied that Woods ever expressed reluctance about proceeding with the drug purchases, or that Woods went through with the transactions under duress. Brown also indicated that, in addition to the money for the drugs, Woods requested and received payment for arranging the purchases.

Woods testified to the following: Toward the end of 1988 he became acquainted with a woman, identified as "Kelly," who later asked Woods to purchase drugs for her. Kelly became more insistent with Woods, claiming that she needed the drugs to pay off a debt. Woods initially refused her requests, but relented when he felt that her life was threatened. In February of 1989, Kelly introduced Woods to Trooper Brown, in the guise of a drug purchaser, as the person to whom she owed the debt. Woods testified that when he voiced his dissatisfaction with the situation, Brown would threaten him and produce a pistol to back up his threats. According to Woods, the threats and the pressures brought by Kelly induced him to do something he was not predisposed to do; i.e., sell cocaine.

The entrapment statute provides:

(a) It is a defense that:

(1) The prohibited conduct of the person was the product of a law-enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) The person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

IC 35–41–3–9.

■ Once the defense of entrapment is raised by a showing that the police were involved in the "criminal activity" the burden shifts to the State to show that "the defendant has not been induced or hired by a governmental agency to commit a crime which he had no predisposition to commit." *Fearrin v. State* (1990), Ind.App., 551 N.E.2d 472, 474, *trans. denied.* There is no dispute that the government was involved in the criminal activity. Thus, we are only concerned with the second prong of the entrapment defense: whether Woods was predisposed to commit the crime.

Inferences of predisposition arise from the evidence of "defendant's willingness to deal with the undercover officers, his knowledge of the criminal market and of a source of supply, his familiarity with drug terminology, the multiple sales and defendant's readiness to participate in future sales." *Mack v. State* (1983), Ind., 457 N.E.2d 200, 203. Woods participated in a total of three separate narcotics transactions with Brown, and by his own testimony experienced little trouble in locating a source of cocaine.

The same result is achieved under the factors considered by the Seventh Circuit Court of Appeals for determining whether the defendant is predisposed to commit a crime. Those factors are:

(1) the character or reputation of the defendant; (2) whether the suggestion of the criminal activity was originally made by the government; (3) whether the defendant was engaged in criminal activity for a profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome by government persuasion; and (5) the nature of the inducement or persuasion offered by the government.

*United States v. Fusko* (7th Cir.1989), 869 F.2d 1048, 1052.

Although there is no evidence that Woods had a reputation as a drug dealer, the evidence favorable to the verdict reveals that Trooper Brown began his investigation of Woods at the request of the Hammond Police Department. Brown later met with the person who provided information

on activities involving drug trafficking in the Hammond area. According to Brown, Woods did not mention that he began selling drugs to protect "Kelly," despite Woods' claims that he repeatedly told Brown the reasons for his reluctance. The record also reveals that Woods sought and received payments for providing the cocaine to Trooper Brown.

As for the final two factors, the only evidence that Woods exhibited reluctance to commit the offense, reluctance overcome by government persuasion, was provided by his own self-serving testimony. For this court to now rely on his testimony would be to weigh evidence and judge witness credibility. These are functions reserved for the finder of fact. Woods has been unable to demonstrate prima facie error, as the State was able to articulate sufficient facts to rebut his defense of entrapment.

The trial court is affirmed.

GARRARD, and BARTEAU, JJ., concur.