Glenn K. SPENCER, Appellant,

v.

STATE of Indiana, Appellee.

No. 37A03–9307–CR–243.

Supreme Court of Indiana.

July 19, 1995.

Brent Westerfeld, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

Transfer Denied July 17, 1995.

DeBRULER, Justice, dissenting from denial of transfer.

Appellant Glenn K. Spencer entered into a plea bargain whereby he agreed to plead guilty to theft and auto theft. The State agreed to dismiss the other charges and appellant would receive a three year prison sentence. At the guilty plea hearing, the trial judge questioned appellant to determine that he was acting knowingly and voluntarily and that a sufficient basis of fact for the plea existed. The court then entered appellant's plea of guilty to theft and auto theft and a judgment of conviction upon the findings of guilt. The court indicated that the convictions did not constitute an acceptance of the plea agreement and that the court would decide to accept or reject that agreement after the sentencing hearing and review of the presentence report.

In light of information acquired at the sentencing hearing, the trial court decided that the plea agreement had been excessively lenient, vacated the earlier convictions, and reinstated the plea of not guilty. Appellant was subsequently tried and convicted by a jury. He appealed his convictions for battery, criminal confinement, auto theft, resisting law enforcement, and operating a motor vehicle after having been determined to be an habitual traffic violator. He alleges error

on a single issue: that the trial court abused its discretion in rejecting the plea agreement and vacating Spencer's guilty plea at the sentencing hearing after having accepted that plea and having entered a judgment of conviction at the guilty plea hearing.

It is true that a judge may reject a guilty plea in the exercise of sound discretion. *Snyder v. State* (1986), Ind., 500 N.E.2d 154. However, it is also true that the plain language of the statute makes clear that the court is bound by the terms of the plea agreement when it accepts the guilty plea:

> (a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:
>
>     \*     \*     \*     \*     \*     \*
>
> (4) has been informed that if:
>
>     (A) there is a plea agreement as defined by IC 35–35–3–1; and
>
>     (B) the court accepts *the plea;*
>
> the court is bound by the terms of the plea agreement.

Ind.Code Ann. § 35–35–1–2(a)(4) (West 1986) (emphasis added). In addition, the statute emphasizes that "[i]f the plea agreement is not accepted, the *court shall reject it before the case may be disposed of by trial or by guilty plea.*" Ind.Code Ann. § 35–35–3–3(b) (West Supp.1994) (emphasis added). The effect of this language is to obligate the judge to respect the plea bargain that motivated the guilty plea if he used that plea to enter a judgment of conviction.[1] As this Court recently observed, "*After* the trial court has accepted a plea agreement, stage four is the actual entry of the guilty plea by the defendant." *Badger v. State* (1994), Ind., 637 N.E.2d 800, 803 (emphasis added). The order of events is not dispositive, *Id.,* but when *Badger* is read with the applicable statute then it is difficult to find that the trial court's performance was acceptable.

By using the guilty plea to support the convictions, the court freezes the ability of the defendant to withdraw his guilty plea while preserving its own power to allow the State to pursue greater charges and/or sentences. This is unacceptable. Judicial officers are not permitted to flexibly apply statutory limits on their powers when those applications fly in the face of the plain language of the statute.

I believe that this case is sufficiently similar to *Shelor v. State* (1979), 270 Ind. 454, 386 N.E.2d 690, to require this Court's attention. In *Shelor,* the trial court emphasized that it was not bound by the plea agreement's sentence recommendation but accepted a plea of guilty. While procedural complications in the case prevented this Court from granting the appropriate remedy, we wrote, "This result is less than satisfactory, as it is apparent that what the petitioner sought and initially should have had was a modification of sentence in accordance with the plea agreement." *Shelor,* 270 Ind. at 457, 386 N.E.2d at 692.

I would grant transfer, vacate the opinion of the Court of Appeals, and remand to the trial court with instructions to enforce the terms of the original plea agreement.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., vote to deny transfer.

---

[1]. It is also unclear that a trial judge had jurisdiction to vacate this judgment of conviction once entered. There is no evidence in the record of the filing of any motion that provided the trial court with jurisdiction to vacate the judgment; such a motion is a prerequisite to action under Indiana Trial Rules 59 and 60. *See Coble v. State* (1988), Ind., 523 N.E.2d 228. "*A motion to vacate judgment* ... shall be treated by the court as a petition for post-conviction relief under the Indiana Rules of Post–Conviction Remedies." Ind.Code Ann. § 35–35–1–4(c) (West 1986). The court's actions failed to satisfy these rules.