Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Mar 25 2013, 8:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. EDWARD PAGE**
Thiros and Stracci, PC
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK KEVIN LISTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1207-CR-385 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Jesse M. Villalpando, Judge
Cause No. 45D12-0306-FD-43

**March 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Mark Liston appeals the trial judge's order rescinding the referee's order granting his petition for post-conviction relief. We dismiss.

## ISSUE

Dispositive in this case is whether we must dismiss for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

In 2003, the State charged Liston with multiple operating while intoxicated offenses, including a felony. Liston pleaded guilty to an amended charge of Class B misdemeanor reckless driving in exchange for dismissal of the other charges. Pursuant to the plea agreement, Liston was sentenced to 180 days, with 170 days suspended and 10 days executed on work release, and 6 months of probation. Liston successfully completed his probation in May 2004.

Six years later in May 2010, Liston sought to set aside his conviction through a petition for post-conviction relief, claiming that the court did not properly advise him at the time of his plea "of the consequences of the Indiana Habitual Traffic Violator laws regarding driver's license suspensions." Appellant's App. pp. 21-22. At a hearing before Referee Ann Likens in June 2010, the parties filed an agreement stipulating that Liston was entitled to post-conviction relief and that his conviction should be vacated and removed from his driving record. Referee Likens accepted the stipulated agreement and issued an order directing the Bureau of Motor Vehicles to remove the conviction from Liston's driving record and to reinstate his driving privileges. The 2003 charges were thus restored.

2

For the next two years, the case was continued thirteen times at Liston's request. At a hearing in June 2012, Judge Jesse Villalpando stated that he would not have approved Referee Likens's June 2010 order, rescinded the order, reinstated Liston's guilty plea, which effectively reinstated his reckless driving conviction, and ordered that notice be given to the Bureau of Motor Vehicles. The judge also stated that he would grant a hearing on the post-conviction petition if Liston requested one.

Liston filed a motion for emergency stay, noting that the court's rescission order would cause him to lose his driving privileges and his job. After a hearing, the court entered an extensive order denying relief from the rescission order.

Liston now appeals the court's rescission order.

### DISCUSSION AND DECISION

Liston contends that the trial court erred by rescinding the referee's order granting him post-conviction relief. He points to Indiana Code section 33-23-2-4 (2004), which provides: "All courts retain power and control over their judgments for ninety (90) days after rendering the judgments in the same manner and under the same conditions as they retained power and control during the term of court in which the judgments were rendered." Because more than ninety days had passed since the referee's order, Liston argues, the court had no authority to rescind it.

The State counters that the referee's order, never signed by the trial judge, was a nullity, and therefore the matter was still properly before the court.

"[T]he failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal." *Floyd v. State*, 650 N.E.2d 28, 32

3

(Ind. 1994); *see also Tapia v. State*, 753 N.E.2d 581, 588 (Ind. 2001) (appellant waived any claims regarding magistrate's authority over his post-conviction proceedings because he failed to object). Neither the State nor Liston could have appealed the referee's order on the basis of her authority because neither party challenged that authority at trial. To the contrary, they entered a written agreement stipulating that Liston was entitled to post-conviction relief and presented it to the referee for approval. As between the parties, then, the issue of the referee's authority was adjudicated.

As for the trial court, it could have rescinded the referee's order had it done so within ninety days of the order. Instead, the court failed to act until nearly two years after the referee's order. This was simply too late. *See Masterson v. State*, 511 N.E.2d 499, 500 (Ind. Ct. App. 1987) (court erred by vacating order granting post-conviction relief 179 days later); *Pettiford v. State*, 504 N.E.2d 324, 327 (Ind. Ct. App. 1987) (court erred by vacating order granting post-conviction relief 92 days later).

The State nonetheless argues that the trial court's action was the functional equivalent of an Indiana Trial Rule 60(B) order vacating an invalid judgment. Rule 60(B) provides that, "[o]n motion" and upon such terms as are just, a court may relieve a party from a judgment for any of its enumerated reasons. By its clear language, Rule 60(B) does not give a trial court any sua sponte authority to act. *See Pettiford*, 504 N.E.2d at 326 n.4 ("TR 60(B) . . . does not authorize a trial judge to set aside a judgment absent a motion by one of the parties."). If it did, it would effectively vitiate Section 33-23-2-4's ninety-day rule, and any finality would be illusory.

The State then suggests that if the court's order is not treated as a 60(B) ruling, then it is not a final appealable order. Specifically, the State argues that because the court's order rescinded the referee's order granting post-conviction relief, Liston's post-conviction petition is still pending, and he was thus required to seek permission to file an interlocutory appeal.

Liston cites a section of the Indiana Code stating that an appeal may be taken by a defendant "as a matter of right from any judgment in a criminal action," Ind. Code § 35-38-4-1(a)(1) (1983), and argues he is not appealing from a post-conviction order but is instead appealing the court's order rescinding the referee's order and reinstating his reckless driving conviction.

We fail to see the distinction. The court, albeit erroneously, revisited the post-conviction referee's order, decided to rescind it, and reinstated Liston's guilty plea. Further, the court did not deny Liston's post-conviction petition but explicitly stated that it would grant a hearing on the petition if Liston so requested.

Liston cites cases to support his claim that he may directly appeal the rescission order. Those cases, however, presented slightly different procedural facts. *See Masterson*, 511 N.E.2d at 499 (court not only vacated order granting post-conviction relief but also denied post-conviction petition); *Pettiford*, 504 N.E.2d at 325 (court vacated order granting post-conviction relief and set the matter for a hearing, appellant received permission to file interlocutory appeal).

Liston also says he disagrees with the State's claim that the trial court's rescission order left his post-conviction petition pending, but he does not explain why. The court's

5

order on Liston's motion for emergency stay quotes portions of Liston's guilty plea hearing and states that it had advised him that his conviction together with any prior or future convictions could one day result in being found a habitual traffic violator. However, it did not deny his petition for post-conviction relief.

Thus, the post-conviction petition has yet to be adjudicated. For an appeal to proceed, Liston was required to request the trial court to certify its order for interlocutory appeal and then to request this Court to accept jurisdiction. Because he did not, we must dismiss for lack of jurisdiction.

CONCLUSION

We therefore dismiss this appeal.

MAY, J., concurs.

ROBB, C.J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

MARK KEVIN LISTON,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　)　　　No. 45A05-1207-CR-385
　　　　　　　　　　　　　　　　　)
STATE OF INDIANA,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Appellee.　　　　　　　　　)

**ROBB, Chief Judge, dissenting.**

I agree with the majority that the trial court erroneously revisited the post-conviction referee's order two years after it was entered. See slip op. at 5. I disagree, however, that we should dismiss Liston's appeal and return this case to the trial court for further proceedings on Liston's petition for post-conviction relief.

In June 2010 – approaching three years ago – Liston was granted, with the knowledge and agreement of the State, post-conviction relief. That relief, although reinstating the charges against him (charges for which, incidentally, he had already served a sentence and successfully completed probation in 2004), also reinstated his driving privileges. Also with the knowledge and apparent consent of the State, trial on the again-pending charges was delayed in order to allow sufficient time to pass for any habitual traffic violator consequences of a conviction to be avoided. For two years, all parties acted in accordance with this unwritten agreement. Then, within a matter of

7

weeks before the parties would have proceeded to the resolution they had agreed upon two years earlier, the trial court for the first time noticed the referee's post-conviction order and rescinded it, effectively undoing the agreement the parties had been operating under for two years.

In its order rescinding the post-conviction order and its subsequent order denying Liston's motion for emergency stay, it is true, as the majority points out, that the trial court never specifically stated that it was denying Liston's petition for post-conviction relief, and in fact, stated that an evidentiary hearing on the petition would be set if Liston requested it. However, in the order denying a stay, the trial court found that contrary to the allegations of Liston's petition, he had been properly advised prior to his guilty plea. I find this to be sufficiently like Masterson and Pettiford to allow him to appeal the trial court's order. To do otherwise is to force Liston to engage in an exercise of futility. The trial court has already expressed its views on the merits of Liston's petition. It is unlikely to have a different view after a formal hearing, and Liston's case will be back in this court some months down the road. In the meantime, his driving privileges will have been suspended for a considerable length of time, when the entire posture of this case has been to avoid that outcome. I also find it disingenuous of the State to now argue that Liston should go back to the trial court and have a hearing on his petition when it agreed in 2010 that it should be granted without one.

In the interest of preserving the finality of judgments and fundamental fairness, I believe we should reverse the trial court's erroneous recission order and return the case to the trial court in its pre-June 2012 posture for resolution as the parties had agreed.