Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2013, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. EDWARD PAGE**
Thiros and Stracci, PC
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK KEVIN LISTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1207-CR-385 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Jesse M. Villalpando, Judge
Cause No. 45D12-0306-FD-43

**June 12, 2013**

**OPINION ON REHEARING - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Mark Liston petitions for rehearing following our dismissal of his appeal for lack of jurisdiction in *Liston v. State*, No. 45A05-1207-CR-385 (Ind. Ct. App. Mar. 25, 2013).[1] We grant rehearing, conclude his appeal is from a final judgment, and reverse the trial judge's rescission of the referee's order granting him post-conviction relief.

In 2003, the State charged Liston with multiple operating while intoxicated offenses. Liston pleaded guilty to an amended charge of Class B misdemeanor reckless driving in exchange for dismissal of the other charges. He completed his sentence in 2004.

Six years later, Liston filed a petition for post-conviction relief, claiming the trial court did not properly advise him at the time of his plea that his conviction could be used in the future to support a habitual traffic violator finding. At a hearing before Referee Ann Likens in June 2010, the parties filed an agreement stipulating that Liston was entitled to post-conviction relief and that his conviction should be vacated and removed from his driving record. Referee Likens accepted the stipulated agreement and issued an order directing the Bureau of Motor Vehicles to remove the conviction from Liston's driving record and to reinstate his driving privileges. The 2003 charges were thus restored.

The case was continued for the next two years until June 2012, when Judge Jesse Villalpando stated at a hearing that he would not have approved Referee Likens's June 2010 order, rescinded the order, reinstated Liston's guilty plea, which effectively reinstated his reckless driving conviction, and ordered that notice be given to the Bureau

---

[1] The State has not filed a brief in response to Liston's petition for rehearing.

of Motor Vehicles. The judge also stated he would grant a hearing on the post-conviction petition if Liston requested one.

Liston filed a motion for emergency stay, noting the rescission would cause him to lose his driving privileges and his job. After a hearing, the court entered an extensive order denying relief.

Liston appealed the rescission order, and we concluded the trial court had no authority to rescind the referee's order nearly two years after the fact. *See id.* at *1-2 (citing Ind. Code § 33-23-2-4 (2004) ("All courts retain power and control over their judgments for ninety (90) days after rendering the judgments in the same manner and under the same conditions as they retained power and control during the term of court in which the judgments were rendered."); *Masterson v. State*, 511 N.E.2d 499, 500 (Ind. Ct. App. 1987) (court erred by vacating order granting post-conviction relief 179 days later); *Pettiford v. State*, 504 N.E.2d 324, 327 (Ind. Ct. App. 1987) (court erred by vacating order granting post-conviction relief 92 days later)). However, we determined that the rescission, which left Liston's post-conviction petition pending, was not a final appealable order, and we thus dismissed his appeal for failure to seek permission to file an interlocutory appeal. *Id.* at *2-3. Chief Judge Robb dissented on this point, observing that the trial court's order denying Liston's request for a stay noted he had been properly advised before his plea, that the court was unlikely to have a different view after a formal hearing, and that the case would eventually be back before this Court, all while Liston suffered a loss of driving privileges. *Id.* at *3. She thus stated she would reverse the

rescission order in the interest of preserving the finality of judgments and fundamental fairness. *Id.* at *4.

Upon further reflection, we find this case sufficiently like *Masterson* to allow an appeal. In *Masterson*, the petitioner appealed after the post-conviction court: (1) vacated its order, entered over 90 days earlier, granting post-conviction relief and (2) denied the post-conviction petition. 511 N.E.2d at 499.

Here, the court rescinded the order granting post-conviction relief well over 90 days after it was entered, but it did not formally deny Liston's post-conviction petition. Despite the lack of a formal denial and despite its statement that it would grant a hearing on the petition if Liston requested one, the court subsequently entered an extensive order denying Liston's request for a stay. In the twelve-page order, the court quoted a portion of Liston's guilty plea hearing, beginning with the following:

> THE COURT: Because you are pleading guilty to a motor vehicle violation, do you understand this conviction will be reported to the Bureau of Motor Vehicles and a conviction will appear on your driving record?
> THE DEFENDANT: Yes, I do.
> THE COURT: And any combination of any prior conviction or any future conviction could one day result in you being found a habitual traffic violator?
> THE DEFENDANT: Yes.

Appellant's App. pp. 55-56. Later in its order, the court stated, "[T]he Defendant was provided notice of his potential HTV eligibility by the Court and had experienced legal counsel present when the Court stated to him on November 24, 2003 that any future conviction could result in his being found a habitual traffic offender." *Id.* at 63.

4

We conclude that the court's determination that Liston was properly advised prior to his plea was in effect a denial of his petition for post-conviction relief. We further conclude that this determination, along with the reinstatement of Liston's conviction and the resultant loss of his driving privileges, is sufficient to make the rescission a final appealable order. We therefore reverse the court's order rescinding the prior grant of post-conviction relief and remand for proceedings on the 2003 charges.

Reversed and remanded.

ROBB, C.J., and MAY, J., concur.