**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Feb 20 2014, 10:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JUSTIN R. WALL**
Wall Legal Services
Huntington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| INNER CIRCLE PROPERTIES, LLC, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1309-SC-764 |
| | ) | |
| GEORGE LEASE, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1305-SC-551

**February 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Inner Circle Properties, LLC appeals the small claims court's award of $180.00 in attorney fees/collection costs. As Inner Circle was instead entitled to the collection attorney fee of $371.86, which the defendant George Lease agreed to pay, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

Attorney Justin R. Wall, doing business as Wall Legal Services (collectively, "Wall") entered into an Attorney and Client Fee Agreement with George Lease on September 28, 2012. Lease agreed:

> If a collection lawsuit is filed against [Lease] for fees and/or expenses due under this Agreement . . . [Lease] agrees to pay any attorney fees court costs and expenses associated with collection on [Lease's] account. [Lease] agrees that the collection attorney fee shall be in the sum of <u>Thirty Five Percent</u> (35%) of the amount of the unpaid principal and interest due.

(App. at 15) (emphasis in original).

Lease did not pay for the legal services Wall provided, leaving a balance of $1,062.45. On May 21, 2013, Wall assigned its rights under the Agreement to Inner Circle Properties, LLC. Justin Wall is the sole shareholder of Inner Circle. Inner Circle filed a Notice of Claim to collect under the Agreement, asking for the $1,062.45 balance, court costs of $92.00, and attorney fees in the amount of 35% of the unpaid balance principal and interest. In its Affidavit for Judgment by Default, Inner Circle requested a judgment of $1,434.31 plus $92.00 in court costs. The trial court entered judgment in the amount of $1,062.45 plus $180.00 in attorney fees, for a total judgment of $1,242.45 plus court costs. Inner Circle's Motion to Correct Error was denied.

In its ruling on the Motion to Correct Error, the trial court determined $180.00 was a

2

reasonable fee because the case required little time or effort on Wall's part and the case was not novel or difficult. The trial court did not acknowledge or address the contract wherein Lease agreed to pay a fee of 35% of his unpaid balance.

## DISCUSSION AND DECISION

Lease has not provided an appellee's brief. In such a case, we do not assume the burden of controverting Inner Circle's arguments. We instead apply a less stringent standard of review. *Pettiford v. State*, 504 N.E.2d 324, 326 (Ind. Ct. App. 1987). To obtain reversal, Inner Circle need only establish the trial court committed *prima facie* error. *Id*. In this context, *prima facie* means at first sight, on first appearance, or on the face of it. *Id*. However, we still view the evidence in the light most favorable to the judgment and will reverse only if error is demonstrated in the record and by Inner Circle's brief. *Id*.

We review for an abuse of discretion a decision whether to award attorney fees and costs. *Franklin Elec. Co., Inc. v. Lutheran Hosp. of Indiana*, 926 N.E.2d 1036, 1048 (Ind. Ct. App. 2010), *trans. denied*. The trial court's discretion is broad, and we will reverse only if the decision is clearly against the logic and effect of the facts and circumstances before the court. *Gerstbauer v. Styers*, 898 N.E.2d 369, 378 (Ind. Ct. App. 2008). An abuse of discretion also occurs if the trial court misapplies the law. *Id*.

Inner Circle has demonstrated *prima facie* error. The trial court determined $180.00, and not $371.86, representing 35% of the unpaid balance as set forth in the Agreement, was a reasonable attorney fee. It cited Rule 1.5(a) of the Rules of Professional Conduct, which provides:

3

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining reasonableness for fees include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly.

Indiana generally follows the American Rule, which requires each party to pay his or her own attorney fees. *Stewart v. TT Commercial One, LLC*, 911 N.E.2d 51, 58 (Ind. Ct. App. 2009), *trans. denied*. However, parties may contract between themselves to shift that payment of fees, and we will enforce those fee shifting agreements as long as they are not contrary to law or public policy. *Id.* Whatever the agreement is, however, that fee must be reasonable, and the determination of reasonableness necessitates consideration of all relevant circumstances. *Id.* We will presume Wall's agreement with Lease was valid. *See Lester v. Hinkle*, 90 Ind. App. 193, 153 N.E. 179, 183 (1926) (all contracts are presumed to be valid until the contrary appears).

That presumption has not been overcome. On the record before us, we cannot find unreasonable the amount of the fee Wall claimed or Wall's assignment to Inner Circle of Lease's past due attorney fee.[1] We acknowledge Inner Circle needed only prepare a small claims notice, file it, and ask for a default judgment. But as Inner Circle points out in its brief, preparation and presentation of the action required reviewing records, drafting at least

---

[1] The trial court noted Justin Wall is Inner Circle's sole shareholder, and Inner Circle hired Wall "to collect his own account." (App. at 2.) Wall therefore "had no time involved in meeting with the Plaintiff (since they are one in [sic] the same), and no time in reviewing the records (since he was the original creator of them)." (*Id.*) However, the trial court did not find, or even suggest, such an arrangement was not allowable under the Rules of Professional Responsibility or was otherwise improper, and we decline to so hold.

4

four documents, writing a check for the court clerk, taking the documents to the court, and filing them. That procedure would presumably have to be followed by any attorney, even one not "collect[ing] his own account." (App. at 2.) We cannot find $371.86 unreasonable in light of the nature and requirements of an action to recover unpaid attorney fees.

Our determination that Wall has shown *prima facie* error should not be read as a holding that, in all instances, 35% of the unpaid balance of attorney fees is reasonable. Had the amount due pursuant to the Agreement been $10,000.00 rather than just over $1,000.00, for example, we might hesitate to find a fee of $3,500.00 reasonable under the circumstances. However, on the record before us, we cannot find a fee of $371.86 unreasonable and we therefore reverse and remand so the trial court may amend its judgment to be consistent with this opinion.

Reversed and remanded.

RILEY, J., and VAIDIK, C.J., concur.